## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADAM KORPUSIK | : | |
| 4 Hanley Parke | : | |
| Medford, NJ 08055 | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. _____ |
| v. | : | |
| | : | |
| SCHINDLER ELEVATOR | : | |
| CORPORATION | : | |
| 20 Whippany Road | : | **JURY TRIAL DEMANDED** |
| Morristown, NJ 07960 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Adam Korpusik, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.   Introduction

1.      Plaintiff has initiated this action against Schindler Elevator Corporation (hereinafter referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the New Jersey Law against Discrimination ("NJ LAD" - N.J.S.A. §§ 10:5-1 *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et. seq.*), and applicable New Jersey state common law. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II.      Jurisdiction and Venue

2.      This action is initiated pursuant to the ADA and FMLA (amongst other state laws). This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this State and this judicial district are sufficient for the exercise of

jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3.      The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff is proceeding herein (in part) after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

### III.    Parties

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult with an address as set forth above (wherein he is a citizen, resident and domiciliary).

2

8.      Schindler Elevator Corporation (hereinafter "Defendant") is a corporation in New Jersey, with its U.S. headquarters at the above-captioned address. Defendant manufacturers elevators, escalators and moving walks.

9.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

### IV.      Factual Background

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff was hired by Defendant on or about October 10, 2014. In total, Plaintiff was employed with Defendant for approximately 6.6 years.

12.      Plaintiff was employed as a Modernization (a/k/a "Mod") Mechanic until his unlawful termination on or about April 29, 2021.

13.      Until Plaintiff's termination, he was primarily supervised by Jonathan Netzel (the Modernization Superintendent)(*hereinafter* "Netzel").

14.      During his time working with Defendant, Plaintiff was sent to jobs in different states, but most of his work was throughout the greater New Jersey area.

15.      Plaintiff's job with Defendant was to generally assist with constructing or building elevators, working in different capacities, sometimes being used as a foreman.

16.      During his tenure with Defendant, Plaintiff was a hard-working employee who performed his job well.

17.      Shortly before his termination, on or about March 29, 2021, Plaintiff injured his back while lifting a belt while he was working for Defendant.

18.     As a result, Plaintiff sought worker's compensation and filed an injury report. Further, due to his aforesaid work-related injuries/health conditions, Plaintiff was limited in his ability (at times) to perform some daily life activities, including but not limited to lifting, general labor, pushing, and pulling (among other daily life activities).

19.     Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations (discussed further *infra*).

20.     For example, in or about late March, 2021, Plaintiff took an approximate 2-to-3-week medical leave following his work related injury.

21.     Whenever an employee identifies circumstances for a potential medical leave, Defendant becomes obligated to comply with the Family and Medical Leave Act ("FMLA"). Neither Defendant, nor its human resources management, made any effort to comply with such federal law(s). Defendant *clearly* violated FMLA regulations, which included but were not limited to:

- Failing to provide Plaintiff with required written eligibility notifications of his FMLA rights within 5 days from seeking medical leave;[1]

- Failing to provide Plaintiff with written FMLA designation notices within 5 days from him seeking medical leave;[2]

- Failing to provide Plaintiff with required written rights and responsibilities notices within 5 days from him seeking medical leave;[3] and

- Failing to provide written FMLA designation notices for a leave.[4]

---

[1] *See* 29 CFR § 825.300(b)(1).

[2] *See* 29 CFR § 825.300(b)(2).

[3] *See* 29 CFR § 825.300(c)(1)(i)-(vii)

[4] *See* 29 CFR § 825.300(d)(1)-(6)

22.     When an employee requests a short period of time off from work (such as Plaintiff *herein*), it is also a medical "accommodation" under the ADA and NJ LAD.[5] No magic words are necessary, as the request for a medical leave suffices to establish a request for an accommodation. *See Id.*

23.     Plaintiff had been temporarily replaced during his aforementioned medical leave by Tim Delanzo ("Delanzo"). Delanzo is young, abrasive, and has an extremely unprofessional demeanor and temper.

24.     Upon returning to work as a foreman from Plaintiff's brief medical leave in or about April of 2021, Netzel exhibited hostility towards Plaintiff, telling him that his injury was "strike 1," claiming Plaintiff should not have lifted in a certain manner.

25.     Further, Netzel was clearly upset about Plaintiff's medically related absence and work injury.

26.     Plaintiff shared with Netzel that he would do the best he could, but also explained that Plaintiff's back was still very tight and that Plaintiff was still in some pain. In response, Netzel exhibited frustration with Plaintiff's disclosures.

27.     Likewise, shortly after Plaintiff returned from medical leave, Delanzo threatened to assault Plaintiff and reinjure him, stating that he wanted to "re-injure [Plaintiff's] back for [Plaintiff]." Furthermore, Delanzo also called Plaintiff a "coward" and a "pussy."

---

[5] The NJ LAD and ADA are interpreted identically with respect to accommodations. *See e.g. Bernhard v. Brown & Brown of Lehigh Valley, Inc*., 720 F.Supp.2d 694 (E.D. PA 2010)(time off from work, even up to 3 months can constitute a reasonable accommodation); *Conoshenti v. Public Serv. Elec. & Gas Co*., 364 F.3d 135 (3d Cir. 2004)(federal courts have permitted leave to be a reasonable accommodation under anti-discrimination laws); *Shannon v. City of Philadelphia*, WL 1065210 (E.D. Pa. 1999)(time off from work for an extended period of time is a reasonable accommodation under the ADA). Defendants not only violated the FMLA but terminated Plaintiff for utilizing and seeking reasonable accommodations of time off from work.

28.     When Plaintiff asked Delanzo to exit the premises (as Plaintiff was the foreman and he was a mechanic), Delanzo refused.

29.     Plaintiff thereafter had multiple contacts with Netzel where he explained many concerns, including regarding Delanzo. Plaintiff thus expected that corporate, human resources, or someone would reach out to him to ensure workplace safety.

30.     Instead, Plaintiff was terminated for allegedly refusing to work and Delanzo was converted to Foreman. However, Plaintiff did nothing wrong to even warrant discipline, let alone termination and was fired very shortly after his complaints of discrimination and other protected activities.

31.     Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated because of (1) his known, perceived, and/or record of disabilities; (2) his claim for worker's compensation benefits; and (3) in retaliation for requesting/utilizing reasonable medical accommodations and/or FMLA qualifying leave.

**COUNT I**
**Violations of Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

32.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.     Plaintiff was an eligible employee under the definitional terms of the FMLA and Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

34.     Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

35.      Defendant is engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

36.      Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis and Plaintiff requested FMLA-qualifying leave.

37.      Defendant committed interference and retaliation violations of the FMLA by *inter alia*: (a) terminating Plaintiff for medical leave requests; (b) terminating Plaintiff to avoid FMLA obligations; (c) failing to follow any regulations concerning notice of FMLA; and (d) failing to designate time Plaintiff would miss.

**COUNT II**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disabilities Discrimination; [2] Retaliation; [3] Failure to Accommodate; [4] Hostile Work Environment)**

38.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.      Plaintiff suffered from serious health conditions, which (at times) limited his ability to perform some daily life activities, including but not limited to lifting, general labor, pushing, and pulling (among other daily life activities).

40.      Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times in the form of a medical leave of absence (in addition to seeking workers compensation benefits).

41.     Plaintiff was subjected to a hostile work environment and terminated because of (1) his known, perceived, and/or record of disabilities and (2) in retaliation for requesting/utilizing reasonable medical accommodations and/or ADA qualifying leave.

42.     These actions as aforesaid constitute unlawful discrimination, hostile work environment, failure to accommodate, and retaliation under the ADA.

**COUNT III**
**Violation of the New Jersey Law Against Discrimination (NJ LAD)**
**(Discrimination, Retaliation & Non-Accommodation)**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff suffered from serious health conditions, which (at times) limited his ability to perform some daily life activities, including but not limited to lifting, general labor, pushing, and pulling (among other daily life activities).

45.     Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times in the form of a medical leave of absence (in addition to seeking workers compensation benefits).

46.     Plaintiff was subjected to a hostile work environment and terminated because of (1) his known, perceived, and/or record of disabilities and (2) in retaliation for requesting/utilizing reasonable medical accommodations and/or NJ LAD qualifying leave.

47.     These actions constitute unlawful retaliation and discrimination under the NJ LAD.

**COUNT IV**
**Common-Law Wrongful Discharge**
**(Public Policy Violation)**
**-Against All Defendants-**

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     Upon information and belief, Plaintiff was terminated in substantial part for making a claim/seeking for worker's compensation benefits against Defendant and/or for his work-related injuries.

50.     It is against New Jersey's public policy for an employee to be terminated for making a worker's compensation claim. *Stewart v. County of Hudson*, 2011 N.J. Super. Unpub. LEXIS 1965, 34 (App. Div. July 22, 2011).

51.     The mere temporal proximity between Plaintiff's claim for worker's compensation and his termination creates an inference that his termination was in retaliation for making such a claim.

52.     Additionally, the continuous hostility and animosity that he was subjected to after he sustained a work-related injury and/or made a workers' compensation claim creates an inference that his termination was in retaliation for making such a claim.

53.     These actions as aforesaid constitute wrongful termination in New Jersey.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policies, practices, or custom(s) of discriminating or retaliating against employees and is to be ordered to promulgate an effective policy against such discrimination/retaliation/interference and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, reinstate Plaintiff where determined to be possible and/or feasible, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay (absent reinstatement), salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered the aforesaid unlawful actions at the hands of Defendant until the date of verdict;

C.      Plaintiff is to be awarded punitive or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress and pain and suffering);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____

Ari R. Karpf
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 30, 2021